UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL LINDSAY,

        Plaintiff,        Civil Action No. 15-12229
                               Honorable Victoria A. Roberts
v.                             Magistrate Judge Elizabeth A. Stafford

CITY OF DETROIT, et al.,

        Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL
INITIAL DISCLOSURES AND FOR RULE 37 SANCTIONS [R. 14]**

    Plaintiff Darryl Lindsay brought this action on June 18, 2015 against the City of Detroit and Detroit police officer Darrell Dawson ("Defendants") under 42 U.S.C. § 1983, alleging Defendants violated his Fourth Amendment rights when Dawson shot his dog while conducting an exterior search on his property.  The Honorable Victoria A. Roberts referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  [R. 12].

    On September 3, 2015, the parties filed a Joint Discovery Plan, providing that they would exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) that same day.  [R. 11].  However, Defendants failed to produce their initial disclosures, and on September 24, 2015, Lindsay filed a motion

to compel initial disclosures and for Rule 37 sanctions. [R. 14]. Defendants responded on September 29, 2015, indicating that they provided Lindsay with their initial disclosures on September 28. [R. 17, PgID 251].

On October 1, 2015, the Court held an on-the-record scheduling conference, at which Lindsay's counsel (Christopher Olson) and Defendants' counsel (Sally Moore) appeared. During the conference, Lindsay's counsel said Defendants' disclosures were deficient for four reasons: (1) the disclosures indicated they were only one defendant's disclosures without stating which defendant's they were; (2) they only contained the names of five potential witnesses, despite a video of the incident showing approximately 20 officers present at the scene; (3) they fail to provide any information regarding Defendants' insurance policies; and (4) many of the disclosed documents have information redacted.

During the hearing, the Court concluded that Defendants' initial disclosures were deficient.[1] When a party fails to disclose information required by Rule 26(a), Rule 37(c)(1) "mandates that a trial court punish [that] party for [the] discovery violations … unless the violation was

---

[1] The Court agreed with each of Lindsay's complaints except with respect to the question regarding Defendants' insurance policies. Defendants' counsel confirmed on the record that the City of Detroit is self-insured.

2

harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citation omitted). The primary punishment contemplated by the rule is precluding the use of the omitted evidence at trial, but a court may order other specified sanctions as well. Rule 37(c)(1). Defendants claim they failed to timely serve initial disclosure because they are unfamiliar with Rule 26 and federal court practice. These are not substantial justifications for their noncompliance. However, Defendants' noncompliance was harmless because there is ample time before the close of discovery for them to disclose the required information, so Lindsay will not be prejudiced. Thus, sanctions are not warranted.

Accordingly, Lindsay's motion to compel and for sanctions [R. 14] is **GRANTED IN PART**. Per the parties' agreement, Defendants must serve amended initial disclosures on Lindsay that comply with Rule 26(a)(1) by **OCTOBER 12, 2015**. Disclosures must be made on behalf of both defendants, and the documents produced must either be unredacted or include a privilege log to justify each redaction. Additionally, Defendants must provide the name, address, and telephone number of each officer and any other known witnesses who were present at the scene of the underlying incident. *See* Fed. R. Civ. P. 26(a)(1)(a)(i). Finally, Defendants

must make reasonable inquiries to include any other disclosures required by Rule 26(a)(1); the Court's list above is not exhaustive.  Further failure to comply with the rules of discovery may result in sanctions.

**IT IS ORDERED**.

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: October 1, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).  Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order.  *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2015.

s/Marlena Williams<br>MARLENA WILLIAMS<br>Case Manager